FILED
2017 May-10 PM 02:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

HGD

FILED
2017 MAY -9 A 9:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

Melvin Ray
*Plaintiff*
*(Write your full name. No more than one plaintiff may be named in a complaint.)*

-v-

See attached
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)*

2:17-cv-00745-AKK-HGD

Jury Trial Demanded

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

## I. The Parties to this Complaint

### A. The Plaintiff

Provide the information below for the plaintiff named in the complaint.

Name: Melvin Ray

All other names by which you have been known:

ID Number: 163343

Current Institution: W.E. Donaldson CF

Address: 100 Warrior Lane

Bessemer (City) AL (State) 35023 (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: George Adams

Job or Title *(if known)*: Chaplain

Shield Number:

Employer: Alabama Dept. of Corrections

Address: 301 South Ripley St., P.O. Box 301501

Montgomery (City) AL (State) 36130 (Zip Code)

☒ Individual Capacity ☒ Official Capacity

Defendant No. 2

Name: Leon Bolling

Job or Title *(if known)*: Warden

Shield Number:

Employer: Ala. Dept. of Corrections

Address: 301 S. Ripley St., P.O. Box 301501

Montgomery (City) AL (State) 36130 (Zip Code)

☒ Individual Capacity ☒ Official Capacity

Defendant No. 3

Name: Jefferson Dunn

Job or Title *(if known)*: Commissioner

Shield Number:

Employer: Ala. Dept. of Corrections

Address: 301 S. Ripley St., P.O. Box 301501

Montgomery (City) AL (State) 36130 (Zip Code)

☒ Individual Capacity ☒ Official Capacity

Defendant No. 4

Name: See Attached for Other 7

Job or Title *(if known)*: Defendants

Shield Number:

Employer: Ala. Dept. of Corrections

Address: 301 S. Ripley St., P.O. Box 301501

Montgomery (City) AL (State) 36130 (Zip Code)

☒ Individual Capacity ☒ Official Capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

First, Eighth Amendment and Religious Land Use of Institutionalized Persons Act


C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

______________________________

______________________________

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

all defendants acted as employees of ADOC and Adm. Regulations

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* ______________________________

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

~~July 12, 2016, upon filing of request to Chaplain~~

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

July 12, 2016, upon filing of request to Chaplain ADOC Form 461-B

C. What date and approximate time did the events giving rise to your claim(s) occur?

July 12, 2016, appx. 9:00 a.m. and the violation continues

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

see attached complaint

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

See attached complaint

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See attached

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

W.E. Donaldson CF

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☒ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

Commissioner's Office

2. What did you claim in your grievance?

That my rights were being violated and that I am suffering injury and seeking damages

3. What was the result, if any?

No response

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

There is no grievance process. I completed every step of the review process for my request from the Chaplain, to Warden, Reg. Coor., RARC, and Commissioner, all to no avail.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

The ADOC does not have a grievance process.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I informed all 10 of the named defendants

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I wrote to the U.S DOJ and asked them to intervene

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

**VIII. Previous Lawsuits**

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☒ Yes

☐ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

U.S. District Courts, State of Alabama

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ______________________________

   Defendant(s) ______________________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ______________________________

3. Docket or index number

   ______________________________

4. Name of Judge assigned to your case

   ______________________________

5. Approximate date of filing lawsuit

   ______________________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

If no, give the approximate date of disposition. ____________________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ______________________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Printed Name of Plaintiff: Melvin Ray

Prison Identification #: 163343

Prison Address: 100 Warrior Lane

Bessemer (*City*) AL (*State*) 35023 (*Zip Code*)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4-30-17 (Date)

Melvin Ray
Signature of Plaintiff

Melvin Ray,
Plaintiff,

vs. Jury Trial Demanded

George Adams, Chaplain,
Leon Bolling, Warden,
Jefferson Dunn, Commissioner
David Smith, Regional Chaplain,
Anthony Askew, Reg. Chaplain,
Willie Whiting, Reg. Chaplain,
Mark Michael, Reg. Chaplain,
Chris Summers, Reg. Chaplain,
Thomas Woodfin, Pastoral Program Supervisor,
Steve Watson, Associate Commissioner,
Defendants

Cause of Action

Plaintiff's right to a religious diet accomodation pursuant to my sincerely held religious/spiritual beliefs as being denied in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 As a result of this denial, Plaintiff is being denied a balanced and nutritous meal, resulting in malnutrition, sickness, and injury, in violation of the Eighth Amendment.

1. On July 12, 2016, Plaintiff submitted a request to Chaplain George Adams requesting a religious/spiritual dietary accomodation in furtherance of the exercise of my sincerely held religious/spiritual beliefs.

2. The request was submitted on ADOC Form 461 B and was thereafter denied by Defendants Adams and Defendant Leon Bolling.

3. Plaintiff's request was then advanced to the Regional Coordinator, who then forwarded it to the seven-member ADOC Religious Activities Review Committee.

4. On September 22, 2016, Defendants Smith, Askew, Whiting, Michael, Summers, Woodfin, and Watson, all denied my request for this accomodation for the following:

" DENIED. AR. 701 Food Service Administration, II.3: 'The menu is planned to be nutritionally adequate for those inmates who may be on Vegan diets due to religious preferences'."

5. Defendant Dunn is Commissioner of ADOC and has instituted or otherwise continues to maintain AR. 701, which serves to deny any and all requests for religious dietary accomodations.

6. A Vegan diet is a vegetarian diet with no animal products. among the many entrees served every week by the Defendant Dunn that includes animal products are:

a) Chicken every Sunday
b) Chicken and noodles every week
c) Beef and rice every week
d) Hotdogs every week
e) Corn dogs every week
f) Spaghetti with meat every week
g) Meatloaf every week
h) Fish every Friday
i) Cooking oil with animal fat
j) Sloppy joe beef and tomato
K) Tuna every week
l) Bologna every week

7. A.R. 701 is simply a blanket policy that the Defendants are using to deny Plaintiff and all inhabitants in ADOC of religious dietary accomodations. Defendant Dunn refuses to invalidate AR 701 or to hear or grant any appeal to the denial of religious diets.

8. Practitioners of every Faith at Donaldson have been denied a religious diet accomodation on the pretext of AR 701. Christopher Thrasher was denied Kosher meals; every member of the Sunni Community; Nation of Islam; Nation of Gods and Earth, and Christian community who has requested a religious diet accomodation has been denied. Not a single diet has been denied for a lack of sincerity on behalf of the person making the request to Plaintiff's Knowledge. Instead, all requests are being denied pursuant to AR 701. This regulation is enforced statewide.

9. Not one single person at Donaldson receives a Kosher, Halal, Vegan, or Vegetarian meal. AR 701 is not the least restrictive means for the Defendants to provide religious diet accomodations for sincerely held religious beliefs.

10. Defendants already provide special diets for medical and health reasons These meals include salad, fruits, vegdables and grains. Defendants already have menu items in their Kitchen, so all they have to do is follow the same procedure to provide religious meals, that is being used for medical and health reasons. Religious diets are being provided all over the U.S. except in Alabama.

11. Plaintiff is served atleast two trays every day that has dead animal carcass on it. This is an abomination and offensive to Plaintiff's sincere beliefs The food is contaminated. The serving tray is contaminated. The cooking utensils are contaminated, and the people in kitchen cooking the food are not screened for contamination through consumption.

12. No vessel that is unclean and contaminated can commune with God. Because of my spiritual beliefs, I cannot consume this food of death. As such, I am malnourished, constantly sick, weak, and in poor Spiritual health. The main source of protein in the ADOC menu is the meats that they are serving. They know that people with religious diets cont eat that stuff. My vision is failing me. My body aches. I am missing too many meals and I am not well. They know that this is cruel and unusual punishment in violation of the Eighth Amendment and that their policy violates the First Amendment and the RLUIPA. There are times when I have to eat certain prohibited foods just to stay alive. I cannot take this any more. My prostrate is enlarged, I experience issues and pain with digestion and excretion. Certain of these foul smelling meats cause me headaches and stomach pain and sickness.

13. All defendants are being sued in their official and individual capacity. Plaintiff seeks declaratory and injunctive relief against the defendants in their official capacity, and damages against the defendants in their individual capacities.

Declaratory relief:

14. Plaintiff seeks a declaration that AR 701 is unconstitutional as being applied.

15. Plaintiff seeks a declaration that he is entitled to a religious diet accomodation pursuant to his sincerely held religious beliefs and spirituality.

16. Plaintiff seek a declaration that the current menu of the ADOC and practices in food preparation are inadequate to satify Plaintiff's religious diet request.

Injunctive Relief:

17. Plaintiff seeks an Emergency Injunction enjoining Defendants Dunn and Bolling to ORDER their Kitchen staff to provide a balanced and nutritious diet to plaintiff so as to prevent starvation, malnutrition, sickness and other injury and defilements due to plaintiff's religious and spiritual beliefs and practices.

Damages:

18. Due to the Defendants continuing to serve animal products every day while maintaining a fraudulent and deceptive AR 701, which states that they are complying with State and Federal law requiring religious diet accomodations, Plaintiff seeks damages of at least $150,000.00 dollars.

19. Due to Plaintiff's injuries from malnutrition, including malnourishment, sickness, poor health, and organ and bodily injury, Plaintiff seeks damages of at least $150,000.00

20. Due to the Defendants continuing to deny Plaintiff of a religious/spiritual diet accomodation, in the face of a clear statutory, constitutional, and moral obligation to do otherwise, Plaintiff seeks damages ~~of at~~ least $250,000.00.

21. Plaintiff seeks special, punitive, and treble damages against the Defendants for conspiring to intentially deny religious diet accomodations and for fraudulent misrepresentations contained in AR 701 for atleast $3,000,000.00.

# Declaration of Exhaustion of Remedies

22. I declare upon my Oath and affirm that I have exhausted all available administrative remedies. I filed my initial Inmate Request For Religious Assistance to the Chaplain, and exhaust all appeals to the Warden, Regional Chaplain, Religious Activities Review Committee, and the ADOC Commissioner. All requests and appeals have been denied.